UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT MAGEE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 16-4364 |
| GLACIER WATER SERVICES, INC. AND WINN-DIXIE STORES, INC. | SECTION "R" (4) |

### ORDER AND REASONS

Defendants GW Services, LLC (GWS)[1] and Winn-Dixie Stores, Inc. move the Court to dismiss plaintiff Scott Magee's second amended complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.[2] For the following reasons defendants' motion is GRANTED.

### I. BACKGROUND

Defendant GWS is a California corporation that owns and operates water refill stations, and GWS contracts with companies like Winn-Dixie to install and operate the refill stations in those companies' locations.[3] The

---

[1] GW Services, LLC was improperly named in the complaint as Glacier Water Services, Inc.
[2] R. Doc. 32.
[3] R. Doc. 28 at 4 ¶ 12.

stations are connected to a municipal water source and allow customers to bring their own water bottles and purchase water refills.[4] Plaintiff alleges that to use the machine, a consumer places an empty water bottle into the machine and inserts payment, and then follows the written instructions on the machine by pressing buttons on the machine.[5] According to plaintiff, the refill stations offer filtered water at prices significantly less expensive than comparable water products, and they also offer consumers the choice of obtaining filtered water in an environmentally friendly way.[6]

Plaintiff Scott Magee suffers from Macular Degeneration, and as a result, is legally blind.[7] Plaintiff lives near the Winn-Dixie located at 211 Veterans Memorial Boulevard in Metairie, Louisiana.[8] According to plaintiff, he has shopped at this Winn-Dixie multiple times and reasonably expects to visit again in the future. This Winn-Dixie location has a GWS water refill station located right outside the main entrance and the machine is open to the public 24 hours a day.[9] Thus, consumers need not actually enter the Winn-Dixie to use the refill station.

---

[4] R. Doc. 32-1 at 3.
[5] R. Doc. 28 at 2 ¶ 3.
[6] *Id.* at 5 ¶¶ 17-18.
[7] *Id.* at 3-4 ¶ 11.
[8] *Id.* at 7 ¶¶ 35-36.
[9] *Id.* at 5-6 ¶¶ 20-22.

Plaintiff's second amended complaint alleges that on May 1, 2016, Magee went to the Winn-Dixie after the interior had closed for the night.[10] According to plaintiff, he approached the water refill station to purchase water, but "quickly determined that [plaintiff] was unable to use it because it did not offer a non-visual means of operation."[11] Magee alleges that the machine did not utilize any braille markings or other non-visual means for Magee or others similarly situated to interact with the machine. Thus, Magee argues that he and other blind customers cannot use the machines without the assistance of others. According to Magee, the stations could easily be retrofitted with braille instructions and other non-visual technologies to allow blind consumers to use the machines.[12] Magee further alleges that his May 2016 visit was not Magee's only experience with the machine and that he has attempted to use the machine in the past with no success.[13] Magee does not, however, mention any dates or times of his alleged previous visits, nor does he allege that these previous visits occurred when the store was closed.

---

[10] *Id.* at 7 ¶ 37. Notably, Magee did not allege that he visited Winn-Dixie at night when its interior was closed in his initial lawsuit or his first amended complaint.
[11] *Id.* at 8 ¶ 38.
[12] *Id.* at 7 ¶ 33.
[13] *Id.* at 8 ¶ 40.

3

On May 6, 2016, Magee filed this class action lawsuit against Winn-Dixie, asserting that Winn-Dixie's refill stations unlawfully discriminate against the blind in violation of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*[14] Plaintiff amended his complaint on May 18, 2016 to add GWS as a defendant.[15] On May 25, 2016, plaintiff filed a motion for class certification,[16] and on September 19, 2016, plaintiff amended his complaint for a second time.[17] Plaintiff seeks declaratory and injunctive relief, as well as reasonable attorneys' fees, expenses, and costs.[18]

Plaintiff brings his ADA claim on behalf of himself and a proposed class consisting of all legally blind individuals who have been or are being "denied access to Glacier Water Refill Stations" located in the United States and owned and/or operated by GWS, as well as a subclass of legally blind individuals who have been denied access to the stations at locations owned and/or operated by Winn-Dixie.[19] Defendants filed this motion to dismiss, arguing that plaintiff lacks standing to bring this suit, and that even if

---

[14] R. Doc. 1 at 10 ¶ 44.
[15] R. Doc. 5 at 4 ¶ 11.
[16] R. Doc. 8.
[17] R. Doc. 28.
[18] *Id.* at 12-13.
[19] *Id.* at 8 ¶¶ 41-42.

4

plaintiff has standing, he has failed to state a claim upon which relief can be granted.[20] Magee filed a response in opposition,[21] and defendants replied.[22]

## II. DISCUSSION

### A. Rule 12(b)(1)

A standing motion challenges the Court's subject matter jurisdiction, and it is governed by Federal Rule of Civil Procedure 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A district court may dismiss for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted).

---

[20] R. Doc. 32.
[21] R. Doc. 34.
[22] R. Doc. 37.

If a defendant makes a "facial attack" on the complaint and the court's jurisdiction to hear the case, the trial court merely looks to the sufficiency of the allegations in the complaint because they are presumed to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, defendants make a "factual attack" on the court's subject matter jurisdiction where they submit affidavits, testimony, or other evidentiary materials. *See id.* When a defendant makes a factual attack, the plaintiff is required to submit facts through some evidentiary method and "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*; see also *Peaker Energy Grp., L.L.C. v. Cargill, Inc. & Louisiana Sugar Ref., L.L.C.*, No. 14-2106, 2016 WL 7385622, at *2 (E.D. La. Dec. 21, 2016) (citing *Paterson*, 644 F.2d at 523).

## III. DISCUSSION

### A. Standing

Defendants argue in their motion to dismiss that plaintiff lacks standing because plaintiff has not suffered an injury-in-fact. The requirement that a party have standing to bring suit flows from Article III of the Constitution, which limits the scope of the federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. Standing

consists of three elements: (1) the plaintiff must have suffered an "injury-in-fact," which is an "actual or imminent" invasion of a legally protected interest that is "concrete and particularized;" (2) the injury must be "fairly traceable" to the challenged conduct of the defendant; and (3) it must be likely that plaintiff's injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing each element. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because a standing challenge attacks the Court's jurisdiction to hear the case, the Court must resolve the standing issue as a threshold matter of jurisdiction. *See, e.g.*, *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721 (5th Cir. 2007).

The gravamen of plaintiff's second amended complaint is that Winn-Dixie's policy of allowing customers to use the refill station when Winn-Dixie is closed is discriminatory because blind customers cannot use the machines without assistance and there are no store employees to assist blind customers when the store is closed.[23] Defendants argue that, despite the allegations in plaintiff's complaint, Magee did not attempt to use the refill station while the

---

[23] *See, e.g.*, R. Doc. 34 at 4, challenging "policy of providing a visual-only interface for using [Winn-Dixie's] Refill Stations during "afterhours" operating times when no Winn-Dixie personnel are available onsite to assist;" *id.* at 5 challenging "policy of offering the Refill Stations afterhours to some patrons—and not others;" *id.* at 8.

Winn-Dixie was closed on May 1, 2016. In support, defendants attach to their motion a video[24] of the security camera footage from the Winn-Dixie on the night plaintiff allegedly visited the refill station and the declaration of Magan Breaux.[25] Breaux is the Customer Service Manager for the Veterans Boulevard Winn-Dixie, and attests that the video constitutes true and accurate reproductions of Winn-Dixie's surveillance footage from the night in question.[26] A review of the video reveals footage from two cameras pointed at the parking lot in front of the Winn-Dixie entrance from the hours of 12:00 midnight to 6:00 a.m. on May 1, 2016.[27]

Defendants' attachment of the video and the declaration of Breaux indicate that they are making a "factual," as opposed to a "facial," challenge to the Court's jurisdiction. As described above, when a defendant makes a factual attack, the plaintiff is required to submit facts through some evidentiary method and "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Case law is clear that motions to dismiss for lack of standing can be brought

---

[24] The video was submitted by hand as a manual attachment and is attached as Exhibit 1.
[25] R. Doc. 32-3.
[26] *Id.*
[27] The Winn-Dixie in question is open from 6:00 a.m. to 12:00 a.m. *See* Winn-Dixie #1329 Store Information, available at https://www.winndixie.com/StoreDetails?search=1329.

8

through factual challenges. *See, e.g.*, *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) ("A motion to dismiss for lack of standing may be either 'facial' or 'factual.'") (citation omitted); *Pratt v. Mut. Of Omaha Ins. Co.*, No. 15-09, 2016 WL 1248885, at *8 (N.D. Miss. Mar. 28, 2016) (accepting factual attack as to plaintiff's standing); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 07-96, 2007 WL 2949569, at *2-5 (D. Nev. Oct. 10, 2007) (granting defendant's factual challenge to plaintiff's Title III ADA standing based on plaintiff's failure to submit evidence indicating that he suffered injury-in-fact), *aff'd sub nom. Norkunas v. Wynn Las Vegas, LLC*, 343 F. App'x 269 (9th Cir. 2009).

In response to defendants' factual attack, plaintiff failed to submit any evidence establishing that he did in fact attempt to use the refill station on May 1, 2016 while Winn-Dixie was closed. Nor does plaintiff submit any evidence at all regarding his alleged previous attempts to use the refill station. Nor does he allege that those previous visits occurred at night when Winn-Dixie was closed. Instead, plaintiff merely points out that the security footage does not show the face of the refill station, and incorrectly asserts that at this stage the Court must accept his factual allegations as true.[28] While that would be true if defendants made a "facial" attack, with factual

---

[28] R. Doc. 34 at 1.

9

attacks "no presumptive truthfulness attaches to plaintiff's allegations." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Further, the Court can weigh the evidence and make determinations as to disputed factual issues related to the Court's jurisdiction. *See, e.g., Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Although the video does not show the face of the refill station, it shows all plausible routes of approach to the machine. In the video, nearly the entire parking lot can be seen, as well as the two front entrances to the store. The refill station is located between the two front entrances.[29] Throughout the video, no pedestrian appears to leave the field of view of the cameras in the direction of the refill station machine or enter the field of view of the cameras coming from the direction of the machine.[30] Further, no one is seen carrying an empty water bottle, which appears to be a prerequisite to using the water refill station. Given the location of the cameras, it is implausible

---

[29] *See* R. Doc. 37-1 at 1-2 (Exhibit 1). Exhibit 1 is a screen shot of a picture of the refill station from Google Street View. The Court takes judicial notice of the Google Street View photograph showing the location of the refill station, available at https://perma.cc/TVA8-A8YH (last visited Jan. 12, 2017). *See U.S. v. Perea-Rey,* 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map and satellite image).

[30] Multiple vehicles drove through the parking lot that night without stopping. There were two instances where someone drove to the parking lot, and exited his or her vehicle. Both approached the store and tried to enter, but as soon as they learned the entrance was locked, they both immediately returned to their vehicles and left.

that Magee got close enough to the machine to determine that he could not use the machine without being seen by any of the cameras. Accordingly, defendants' unrebutted evidence negates plaintiff's unsupported allegation that he attempted to use the refill station on May 1, 2016.

Despite plaintiff's obligation to respond to defendants' factual attack with evidence indicating that the Court has jurisdiction, plaintiff failed to do so. *See Weinberger*, 644 F.2d at 523 (noting that when factual attack is made plaintiff is "required to submit facts through some evidentiary method"); *Superior MRI*, 778 F.3d at 504 (noting that when factual attack is made plaintiff is "'obliged to submit facts through some evidentiary method to sustain his burden of proof'") (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). Plaintiff's failure to respond with any evidence at all to defendants' argument is suggestive of the argument's truth. Further, it is telling that Magee did not allege at all that he went to Winn-Dixie at night when it was closed until the third version of his complaint.[31] Therefore, in light of the video evidence and the total lack of evidence from Magee indicating that the Court does have jurisdiction, as well as Magee's omission from his first two versions of his complaint that he visited Winn-Dixie after

---

[31] *Compare* R. Doc. 1 at 6-7 ¶¶ 26-27 *and* R. Doc. 5 at 7 ¶¶ 30-31 *with* R. Doc. 28 at 7 ¶ 37. Plaintiff's first two versions of his complaint do not mention that the refill station is accessible after hours at all.

11

hours, the Court resolves the disputed fact of whether Magee visited Winn-Dixie on May 1, 2016 in defendants' favor.

It is axiomatic that a plaintiff must have suffered an injury-in-fact in order to have standing, and hypothetical injuries are insufficient. *Lujan*, 504 U.S. at 560. Further, a statutory violation of the ADA, not connected to an injury-in-fact, is insufficient to establish standing. *See Spokeo*, 136 S. Ct. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). Therefore, one does not have standing to bring a claim under Title III of the ADA without actually encountering the alleged discrimination. *See Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 734 (5th Cir. 2006) (per curiam) (noting in Title III ADA suit that the Court "agree[s] with the district court that Appellant's lawsuit against the airlines for which he had not flown lacked any basis in fact and that he lacked standing to sue"); *Steger v. Franco, Inc.*, 228 F.3d 889, 892-93 (8th Cir. 2000) (finding that Title III ADA plaintiffs lacked standing to bring claim because there was no evidence plaintiffs had ever been in building and therefore had no evidence building was inaccessible to them); *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1253-54 (M.D. Fla. 2000) (plaintiff lacked standing to bring Title III ADA claim against amusement parks plaintiff had not yet visited at time of complaint); *Resnick v. Magical Cruise Co., Ltd.*, 148 F. Supp. 2d

1298, 1301 (M.D. Fla. 2001) (plaintiff lacked standing to bring Title III ADA claim against cruise ship company because it was undisputed that plaintiff "has not been on board or attempted to board" any ship and thus plaintiff "ha[s] not been subjected to discrimination").

Additionally, plaintiff failed to submit any evidence whatsoever regarding his alleged previous visits to Winn-Dixie, including the time and date of the visits. Without any information as to the time of the day of these previous visits, the Court cannot determine what conduct or policy plaintiff is challenging, information necessary to determine if he has standing.[32] Therefore, plaintiff's non-specific, undated allegations of previous visits, as well as his failure to submit evidence relating to these previous visits in

---

[32] If plaintiff's visits occurred during the day time when Winn-Dixie was open, plaintiff would have to allege that Winn-Dixie denied him assistance in using the Refill Station to have standing. *See* 42 U.S.C. § 12103 (defining "auxiliary aids and services"); 28 C.F.R. § 36.303(c)(1)(ii) ("[T]he ultimate decision as to what measures to take [to provide appropriate auxiliary aids and services] rests with the public accommodation, provided that the method chosen results in effective communication."); *West v. Moe's Franchisor, LLC*, No. 15-2846, 2015 WL 8484567, at *2-3 (S.D.N.Y. Dec. 9, 2015) (holding that Title III does not require beverage dispensers at public accommodations to "allow[] blind individuals to retrieve beverages *without assistance*") (emphasis added); *Dicarlo v. Walgreens Boot Alliance, Inc.*, No. 15-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016) (same); *Id.*, at *1 n.1 (noting that plaintiff had standing because he pleaded that he sought and was denied assistance). Plaintiff makes no such allegation.

response to defendant's factual challenge, are insufficient to meet plaintiff's burden to establish that the Court has jurisdiction.

Because the Court finds that Magee has not met his burden to show that he encountered the water refill station and thus could determine that he could not use it, he has not suffered an injury-in-fact, and the Court does not have jurisdiction to hear his claim. Therefore, his suit must be dismissed.

Defendants ask the Court to dismiss plaintiff's complaint with prejudice. Plaintiff did not respond to this in his response to defendants' motion, and plaintiff did not request leave to file an amended complaint. Still, as the Court is dismissing plaintiff's suit on jurisdictional grounds, the dismissal is without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) (per curiam).

Finally, because plaintiff has not met his burden to show an injury-in-fact, he is not a member of his proposed class. Plaintiffs cannot lead a class to which he or she does not belong, *see, e.g., Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982), and therefore plaintiff's motion for class certification must be denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED. Plaintiff's motion for class certification is DENIED.

New Orleans, Louisiana, this __30th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE